UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TODD SEAVER KNUTSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:24-cv-00095-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN LEVITT/GILLEY, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondents. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Todd Seaver Knutson is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without counsel, Mr. Knutson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 4.] He has not paid the $5.00 filing fee, but states in a cover letter that it will "soon follow." [R. 4-2.]

Although the Court has not yet received payment of the filing fee, it will proceed with the initial screening of Knutson's § 2241 habeas petition as required by 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

In his § 2241 petition, Mr. Knutson alleges that staff at USP-McCreary have denied his request for protective custody status in violation of his due process and Eighth Amendment rights.  [R. 4 at 5.]  He asserts that he requested protective custody from Case Manager R. Golden on May 24, 2024.  *Id.*  Golden allegedly acknowledged that Knutson would be hurt or assaulted on the yard and said that he would email "SIS" about Knutson's request.  *Id.*  However, Knutson claims that his request was denied by SIS Tech Baker on June 25, 2024, even though Knutson was never interviewed regarding the reasons for his request.  *Id.*  Further, Mr. Knutson claims that he is being subjected to disciplinary proceedings as a result of his refusal to go to "general population."  *Id.* at 6.  He requests an evidentiary hearing, as well as an Order directing the United States Marshal Service to remove him from USP-McCreary until after the hearing. *Id.* at 9.  Finally, he seeks designation into State placement with either the North Dakota or Wisconsin Department of Corrections.  *Id.*

After an initial review of Knutson's § 2241 petition, the Court will dismiss his action without prejudice.  First, Knutson attaches a copy of an Incident Report that was issued on June 25, 2024, regarding his refusal to submit to hand restraints and return to General Population. [*See* R. 4-1.]  However it appears that his § 2241 petition relates to the denial of his request for protective custody; not the subsequent disciplinary proceedings regarding his refusal to go to general population.  To the extent Knutson seeks to challenge the disciplinary proceedings against him, his petition is premature, as it is evident from the face of his § 2241 petition that he has not fully exhausted his available administrative remedies with respect to these apparently ongoing proceedings.

Before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the Bureau of Prisons ("BOP").  *See Fazzini v. Ne. Ohio Corr.*

*Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 Fed. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").  The exhaustion requirement preserves the agency's administrative authority by providing it with "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  A prospective litigant must therefore present their administrative grievance in such a manner as to "give the agency a fair and full opportunity to adjudicate their claims . . . ."  *Id*. at 90.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.  28 C.F.R. § 542.13.  If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.  *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).  Knutson signed his § 2241 petition on June 30, 2024.  [R. 4 at 9.]  Thus, it is impossible for him to have fully exhausted available administrative remedies with respect to an Incident Report issued five days before his § 2241 petition was filed, particularly because it appears that these disciplinary proceedings have not yet concluded.

3

Exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate" in his complaint. *Jones v. Bock*, 549 U.S 199, 216 (2007). "Nevertheless, when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (order). Thus, Mr. Knutson's failure to exhaust his available administrative remedies warrants denial of his petition without prejudice to his right to challenge the eventual outcome of his disciplinary proceedings in a § 2241 petition once those proceedings have concluded and he has exhausted his available administrative remedies with respect to such claims.

Even so, as previously noted, it appears that Knutson's § 2241 petition does not seek to challenge these disciplinary proceedings themselves. Instead, he alleges violations of his constitutional rights in connection with the denial of his request for protective custody. However, these claims are not cognizable in a § 2241 habeas proceeding. Habeas corpus is generally limited to reviewing agency action that affects the very fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Knutson's claims regarding his request for protective custody relate not to the duration of his sentence, but to the conditions of his confinement, and therefore must be pursued (if at all) as a civil rights action filed pursuant to 28 U.S.C. § 1331. *See McCray v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. 2009) (explaining that because the petitioner's claims challenging security classification and place of confinement "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims which may only be asserted in a civil rights action under 28

4

U.S.C. § 1331"). *See also Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020) (noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

For these reasons, Knutson's § 2241 petition will be denied without prejudice to his right to assert his conditions of confinement claims in a civil complaint. If Knutson wishes to pursue his conditions of confinement claims, he must initiate a new civil action by filing a formal complaint on a Court-approved form, Fed. R. Civ. P. 3; Local Rule 5.3(a), and by paying the $350.00 filing fee and the $55.00 administrative fee in full. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. The Court will direct the Clerk of the Court to forward the required complaint form for Knutson's use should he choose to do so.

Mr. Knutson has also filed a pleading styled as "Petitioner's Emergency Preliminary Injunction" in which he seeks immediate release from the custody of officials at USP-McCreary based upon the denial of his request for protective custody. [R. 1.] However, because Knutson's claims for relief may not be raised in a § 2241 habeas petition, his Motion for Injunctive Relief will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1.  Knutson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 **[R. 4]** is **DENIED WITHOUT PREJUDICE**;

2.  Knutson's "Emergency Motion for Injunctive Relief and Restraining Order" **[R. 1]** is **DENIED AS MOOT**;

3.  The Court will enter an appropriate Judgment;

4.  This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

5.  The Clerk of the Court shall send Knutson a **blank** copy of a Civil Rights Complaint Form  [E.D. Ky. 520 Form]; and

6.  Should Knutson wish to pursue his conditions of confinement claims, he must complete the form and file a **new** action in accordance with the instructions set forth above.  The complaint **should not** be filed in this case using this case number.


This the 9th day of August, 2024.


Gregory F. Van Tatenhove
United States District Judge